IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHELDON LEE MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-735 |
| | ) | |
| v. | ) | District Judge W. Scott Hardy |
| | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| CORRECTIONS, GEORGE M. LITTLE, | ) | |
| MICHAEL ZAKEN a/k/a M. ZAKEN, | ) | |
| S. BUZAS, M. SWITZER, RANKING | ) | |
| C.O. ON DUTY, J. SCOTTI, | ) | |
| TRACY SHAWLEY, a/k/a | ) | |
| T. SHAWLEY, J. SPIKER, | ) | |
| B. RUDZIENSKI, and CHIEF | ) | |
| GRIEVANCE OFFICER, in their official | ) | |
| and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This matter comes before the Court on Plaintiff's Objections to the Report and Recommendation ("R&R") of Magistrate Judge Maureen P. Kelly, entered on November 28, 2022 (Docket No. 57). The R&R recommends that the Court deny two motions filed by Plaintiff in this matter, a Motion for Preliminary Injunction (Docket No. 15) and a Motion to Proceed Under Pseudonym (Docket No. 16). Judge Kelly indicated in her R&R and on the docket in this case that objections to the R&R were due for unregistered users of the CM/ECF system by December 15, 2022, and that any party opposing objections may respond to the objections within 14 days in

1

accordance with the Court's local rules.  (Docket No. 57 at 9-10).  Service of the R&R was made on Plaintiff by mail.

On December 8, 2022, Plaintiff filed Objections to the R&R (Docket No. 59).[1]  Plaintiff objects to the recommendation that the Court deny his motion for injunctive relief and find that he has not provided sufficiently detailed information about how his life is in danger, and Plaintiff asserts that he has provided sufficient information but that the DOC officials are dragging their feet in changing his placement while attempting to place him in unsafe situations.  (*Id.* at 1-6).  Plaintiff also objects to the recommendation that the Court deny his request to proceed under a pseudonym, arguing that he has shown that it is in the best interest of the public and himself if he proceeds under a pseudonym.  (*Id.* at 6-8).

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to.  *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).  The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions.  *See id.*  Upon careful *de novo* review of the R&R and the entire record, including Plaintiff's motions and the parties' supporting and opposing materials, the Court concludes that Plaintiff's Objections do not undermine the R&R's recommended disposition.  Thus, for the following reasons, the R&R is accepted and adopted as the opinion of the Court.  Specifically, the Court finds that both Plaintiff's Motion for Preliminary Injunction and his Motion to Proceed Under Pseudonym should be denied.

---

[1] Although the Docket entry labels the filing at Docket No. 59 a "Motion for Injunctive Relief," the Court construes it as Plaintiff's Objections to the R&R since the document's caption includes the statement, "RE: OBJECTIONS TO DOCUMENT 57 'R&R.'"  Additionally, the Court notes that the same day that Plaintiff filed his Objections to the R&R, he also filed a new Motion for Preliminary Injunction.  (Docket No. 58).

In so ruling, as to Plaintiff's Motion for Preliminary Injunction, the Court agrees with Judge Kelly's conclusion that Plaintiff has not established a likelihood of success on the merits as to his Eighth Amendment failure to protect claim, and that he has failed to demonstrate that, absent injunctive relief, he will suffer irreparable harm. (Docket No. 57 at 4-7). The Court also agrees with Judge Kelly's conclusion that, considering the possibility of harm to the nonmovant as well as the public's interest, and weighing the Court's traditional deference against the speculative and remote possibility of harm, the Court should decline to intrude into the area of day-to-day prison administration to dictate the terms of Plaintiff's housing assignment, and should deny Plaintiff's requested injunctive relief. (*Id.*).

As to Plaintiff's Motion to Proceed Under Pseudonym, the Court also agrees with Judge Kelly's recommendation that such motion should be denied because the factors to be considered, in deciding whether to grant Plaintiff's request, weigh against granting such relief. (Docket No. 57 at 7-9). The Court agrees with Judge Kelly's weighing of such factors, including that Plaintiff has not retained anonymity in this litigation thus far; that the bases for Plaintiff's fear of disclosure are remote and speculative and cannot be assessed, nor can the Court determine the degree of public interest in maintaining Plaintiff's anonymity; that an adverse result in this case does not present an apparent danger, nor has Plaintiff suggested that he would abandon this action if such motion is denied; and that the Court cannot assess whether Plaintiff has ulterior motives for wishing to proceed anonymously. (*Id.* at 8-9).

As such, the Court accepts the R&R's recommended disposition. Specifically, the Court accepts the recommendation that Plaintiff's Motion for Preliminary Injunction should be denied,

and the Court accepts the recommendation that Plaintiff's Motion to Proceed Under Pseudonym should be denied.

Accordingly, the Court enters the following Order:

AND NOW, this 4th day of January, 2023,

IT IS HEREBY ORDERED that, as set forth above, Plaintiff's Objections to the R&R (Docket No. 59) are overruled, and the Report and Recommendation (Docket No. 57) is ACCEPTED AND ADOPTED AS THE OPINION OF THE COURT.

IT IS FURTHER ORDERED that Plaintiff's Motion for Preliminary Injunction (Docket No. 15) and Plaintiff's Motion to Proceed Under Pseudonym (Docket No. 16) are both DENIED.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record
       Sheldon Lee Morris (via U.S. Mail)