IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHELDON LEE MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-735 |
| | ) | |
| v. | ) | District Judge W. Scott Hardy |
| | ) | Magistrate Judge Maureen P. Kelly |
| | ) | |
| PENNSYLVANIA DEPARTMENT OF | ) | |
| CORRECTIONS, GEORGE M. LITTLE, | ) | |
| MICHAEL ZAKEN a/k/a M. ZAKEN, | ) | |
| S. BUZAS, M. SWITZER, RANKING | ) | |
| C.O. ON DUTY, J. SCOTTI, | ) | |
| TRACY SHAWLEY, a/k/a | ) | |
| T. SHAWLEY, J. SPIKER, | ) | |
| B. RUDZIENSKI, and CHIEF | ) | |
| GRIEVANCE OFFICER, in their official | ) | |
| and individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM ORDER</u>**

Plaintiff Sheldon Lee Morris alleges that Defendants Department of Corrections and its identified administrators and employees (collectively, the "DOC Defendants") violated his rights under the Eighth Amendment of the United States Constitution by failing to protect him when he was ordered to change cells and by issuing him a misconduct for failing to obey that order. Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, and he also asserts state law claims for negligence and negligent and intentional infliction of emotional distress. Presently before the Court are Plaintiff's Objections (Docket No. 55) to the Report and Recommendation ("R&R") of Magistrate Judge Maureen P. Kelly entered on November 2, 2022. (Docket No. 53). The R&R

1

recommends that the Court grant two motions to dismiss, the Motion to Dismiss filed by the DOC Defendants (Docket No. 36), and the Motion to Dismiss filed by medical contractor Defendant J. Scotti (Docket No. 40). Service of the R&R was made on Plaintiff by mail, and he was informed that any objections to same were due for unregistered CM/ECF users by November 21, 2022. (Docket No. 53).

On November 18, 2022, Plaintiff timely filed his Objections to the R&R. (Docket No. 55). That same day, Plaintiff also filed a "Motion for Clarification," indicating that Defendant B. Rudzienski was misidentified in the R&R as the Chief Grievance Officer, even though such individuals are actually named as two separate Defendants. (Docket No. 54). On November 22, 2022, Judge Kelly issued an Order granting Plaintiff's Motion for Clarification, acknowledging the error (which misstated that Rudzienski was among the Defendants against whom Plaintiff was voluntarily withdrawing his claims), and striking the misidentification from the R&R. (Docket No. 56 at 1-2). The Order also noted that such error does not affect the recommendation that Plaintiff's claims all be dismissed, however, because the R&R separately recommends that all claims against Rudzienski (in her true capacity as Hearing Examiner) be dismissed for failure to state a claim. (*Id.* at 1). For present purposes, the Court is treating Plaintiff's Motion for Clarification as a supplement to his Objections in which he objects to the recommendation that the Court dismiss all of his claims.

For the following reasons, the R&R is accepted and adopted in part and rejected in part, as the Court finds that the misidentification of Rudzienski as Chief Grievance Officer (which resulted in a recommendation of dismissal of the claims against Rudzienski based on Plaintiff's voluntary dismissal of such claims), although stricken, requires refinement of the recommended resolution

2

in the R&R.  Accordingly, the Court sustains Plaintiff's objection as to this issue and rejects those portions of the R&R discussing and relying on that erroneous finding, as contained in:  the reference to "B. Rudzienski ('Rudzienski')" in lines 12-13 on page 7; and "Rudzienski" in line 10 on page 19.  (Docket No. 53 at 7, 19).  However, other than these specific references, the Court accepts and adopts the R&R, and incorporates the remainder of the R&R into this Memorandum Order.

In his Objections, Plaintiff confirms that he intends to withdraw his Complaint as it pertains to Defendants J. Spiker, S. Buzas, M. Switzer and the Chief Grievance Officer, while pursuing his claims against the DOC, George M. Little, Michael Zaken, Scotti, Tracy Shawley, Rudzienski, and the Ranking CO on Duty.  (Docket No. 55 at 1).  To the extent Judge Kelly recommends dismissal of Plaintiff's claims for failure to allege Defendants' personal involvement, as is required to allege individual liability under Section 1983, Plaintiff argues that his claims against Little and Zaken for failure to train should survive the motion to dismiss since the need for "better or more training is obvious" and because they "failed to enforce or implement adequate, clear and concise policy."  (*Id.* at 1-2).  Plaintiff also objects to the recommendation that his Section 1983 claim against Rudzienski be dismissed based on the absence of her alleged personal involvement because, Plaintiff argues, Rudzienski violated her duty to protect him.  (*Id.* at 2).  Plaintiff further contends that, despite Judge Kelly's recommendation that his Eighth Amendment claim also be dismissed because he refused to provide sufficient information about the nature or source of a threat upon which a Defendant could reasonably conclude he was in danger, he told Shawley sufficient details about the source of the threat he perceived, and the DOC officials engaged in cruel and unusual punishment.  (*Id.* at 2-3).  Regarding Plaintiff's claims against Defendants in

3

their official capacity, Plaintiff concedes that the Eleventh Amendment shields the DOC and its officials from claims made against them in their official capacity, except to the extent that such claims seek injunctive and declaratory relief, which Plaintiff wishes to maintain. (*Id.* at 5). Plaintiff also asserts that he has stated reasons why his state law claims of negligence and negligent and intentional infliction of emotional distress "should stick." (*Id.* at 6). Additionally, as previously explained, Plaintiff argues that the R&R misidentifies Rudzienski as the Chief Grievance Officer, which conflates two different defendants and led to error in the R&R – an error acknowledged by Judge Kelly in her Order of November 22, 2022. (Docket Nos. 54, 56).

In resolving a party's objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *See id.* Upon careful *de novo* review of the R&R and the entire record, including the motions to dismiss and supporting and opposing briefs, the Court concludes that Plaintiff's Objections (including his supplement thereto, his Motion for Clarification) undermine the R&R's recommended disposition in part. Thus, for the following reasons, the R&R is accepted and adopted in part and rejected in part. Specifically, the Court finds that both Motions to Dismiss should be granted, although the Court sustains Plaintiff's objection regarding the error acknowledged by Judge Kelly, which affects the basis upon which certain claims are dismissed.

In so ruling, the Court agrees with Judge Kelly's conclusion that the Eleventh Amendment bars Plaintiff's official capacity claims for damages against the individual Defendants as well as his claims against the DOC, but that Plaintiff's official capacity claims against the individual

4

Defendants for declaratory and injunctive relief are not barred by Eleventh Amendment immunity. (Docket No. 53 at 5-6). The Court also agrees with Judge Kelly's conclusion that Plaintiff's claims against Defendants Buzas, Switzer, and Spiker should be dismissed with prejudice since Plaintiff has voluntarily withdrawn such claims. (*Id.* at 7). Additionally, the Court finds that Plaintiff's claims against the Chief Grievance Officer should be dismissed with prejudice, as Plaintiff has voluntarily withdrawn his claim against such individual. (Docket No. 50 at 4). The Court rejects the recommendation that the claims against Rudzienski should be dismissed with prejudice, however, since Plaintiff did not voluntarily withdraw his claims against her, as was erroneously indicated in the R&R, and Plaintiff should be afforded the opportunity to amend such claims. Furthermore, the Court agrees with Judge Kelly's recommendation that Plaintiff's claims against Defendants Zaken, Little, Rudzienski, and the Ranking CO on Duty should be dismissed without prejudice for failure to state a claim because Plaintiff has not alleged the required personal involvement of those individuals. (Docket No. 53 at 8-9, 19).

      The Court also agrees with the recommendation that Plaintiff's Eighth Amendment claim should be dismissed because he has not properly alleged a failure to protect claim, and that, to the extent Plaintiff may intend to assert a First Amendment retaliation claim, such claim should be dismissed for failure to state a claim because he has not pled the required causal connection. (Docket No. 53 at 13-14). Further, the Court agrees with Judge Kelly's conclusion that Plaintiff's state law claims should be dismissed because he has failed to plead facts sufficient to state claims upon which relief can be granted. (*Id.* at 14-16). Finally, the Court agrees with Judge Kelly's recommendation that Defendant Scotti's motion to dismiss be granted for failure to state a claim because Plaintiff fails to connect Scotti to any underlying constitutional harm. (*Id.* at 18).

As such, the Court accepts in part and rejects in part the R&R's recommended disposition. Specifically, the Court accepts the recommendation that Plaintiff's claims against the DOC be dismissed with prejudice and without an opportunity to amend, as Plaintiff's claims against it are barred by Eleventh Amendment immunity. The Court accepts the recommendation that Plaintiff's claims against Buzas, Switzer and Spiker be dismissed with prejudice and without an opportunity to amend, as Plaintiff has voluntarily withdrawn such claims. Similarly, the Court finds that Plaintiff's claims against the Chief Grievance Officer shall be dismissed with prejudice and without an opportunity to amend, as Plaintiff has also voluntarily withdrawn such claims. However, as explained, *supra*, the Court rejects the recommendation that Plaintiff's claims against Rudzienski be dismissed with prejudice and without an opportunity to amend, as Plaintiff has not voluntarily withdrawn such claims, and those claims shall instead be dismissed without prejudice to amendment of the Complaint for failure to state a claim upon which relief can be granted. The Court further accepts the recommendation that, because Plaintiff may be in possession of additional facts to support his remaining claims, he should be given a chance to amend those remaining claims, which shall also be dismissed without prejudice to amendment of the Complaint. Therefore, Plaintiff shall be afforded an opportunity to file an Amended Complaint to correct the deficiencies identified in the R&R and in this Memorandum Order.

Accordingly, the Court enters the following Order:

AND NOW, this 4th day of January, 2023,

IT IS HEREBY ORDERED that, as set forth above, Plaintiff's Objections to the R&R (Docket No. 55) are sustained in part and overruled in part, and the Report and Recommendation (Docket No. 53) is ACCEPTED AND ADOPTED IN PART AND REJECTED IN PART.

IT IS FURTHER ORDERED that the DOC Defendants' Motion to Dismiss (Docket No. 36) and Defendant Scotti's Motion to Dismiss (Docket No. 40) are both GRANTED. Accordingly, for the reasons set forth in the R&R, Plaintiff's claims against Defendants DOC, Buzas, Switzer, Spiker, and the Chief Grievance Officer are dismissed WITH PREJUDICE. Plaintiff's remaining claims are dismissed WITHOUT PREJUDICE to amendment of the Complaint to correct the deficiencies identified in the R&R and in this Memorandum Order.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an Amended Complaint, he shall do so by February 3, 2023.

IT IS FURTHER ORDERED that if Plaintiff does not file an Amended Complaint by February 3, 2023, his Complaint will be dismissed with prejudice.

> */s/ W. Scott Hardy*
> W. Scott Hardy
> United States District Judge

cc/ecf:  All counsel of record
         Sheldon Lee Morris (via U.S. Mail)