IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHELDON LEE MORRIS, )
)
                Plaintiff, )       Civil Action No. 22-735
)
        v. )       District Judge W. Scott Hardy
)       Magistrate Judge Maureen P. Kelly
)
PENNSYLVANIA DEPARTMENT OF )
CORRECTIONS, GEORGE M. LITTLE, )
MICHAEL ZAKEN a/k/a M. ZAKEN, )
S. BUZAS, M. SWITZER, RANKING )
C.O. ON DUTY, J. SCOTTI, )
TRACY SHAWLEY, a/k/a )
T. SHAWLEY, J. SPIKER, )
B. RUDZIENSKI, and CHIEF )
GRIEVANCE OFFICER, in their official )
and individual capacities, )
)
           Defendants. )

## MEMORANDUM ORDER

This matter comes before the Court on *pro se* Plaintiff Sheldon Lee Morris's appeal of the Magistrate Judge's Order (Docket No. 64) denying Plaintiff's Motion for Clarification. More specifically, on December 28, 2022, Plaintiff filed a Motion for Clarification (Docket No. 63), in which he explained that he would like to add an incident to his original Complaint and requested the Court's guidance on how to do so. On January 3, 2023, United States Magistrate Judge Maureen P. Kelly issued an Order denying Plaintiff's Motion for Clarification. (Docket No. 64 at 2). Judge Kelly also notified the parties that they were allowed 14 days in which to file an appeal of the decision to the District Court, in accordance with 28 U.S.C. § 636(b)(1) and Rule 72.C.2 of

the Local Rules of the United States District Court for the Western District of Pennsylvania.  (*Id.*).

On January 12, 2023, Plaintiff filed his "Objections to Order of Court Document 64" (Docket No. 69), which the Court construes as an appeal of such Order.  In his appeal, Plaintiff explains that the incident that he wishes to add to his Complaint occurred at his former facility, not at his new facility (as Judge Kelly's Order indicated).  (Docket No. 69 at 1).  Plaintiff also reiterates his desire to make that additional incident part of this case.  (*Id.* at 3).

Pursuant to 28 U.S.C. § 636(b)(1)(A), a United States magistrate judge may "hear and determine any [nondispositive] pretrial matter pending before the court," and a district judge "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."  *See also Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1120 (3d Cir.1986) (regarding nondispositive motions, "the district court may modify the magistrate's order only if the district court finds that the magistrate's ruling was clearly erroneous or contrary to law").  A ruling by a magistrate judge is considered to be "'clearly erroneous' when, although there is evidence to support it, the reviewing Court is left with a definite and firm conviction that a mistake has been committed."  *South Seas Catamaran, Inc. v. The Motor Vessel "Leeway,"* 120 F.R.D. 17, 21 (D.N.J. 1988) (citing *United States v. Gypsum Co.,* 333 U.S. 364, 395 (1948)), *aff'd,* 993 F.2d 878 (3d Cir. 1993).  Moreover, it is the party filing the notice of appeal who bears the burden of demonstrating that the magistrate judge's decision was clearly erroneous or contrary to law.  *See Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14cv1527, 2016 WL 6791240, at *1 (W.D. Pa. Apr. 20, 2016).  In this case, as Plaintiff's Motion for Clarification is a nondispositive pretrial motion, the Court reviews Judge Kelly's order denying that motion under this "clearly erroneous" standard.  *See* LCvR 72.C.2.

2

Having reviewed Judge Kelly's Order denying Plaintiff's Motion for Clarification as well as the other filings in this case, the Court concludes that Judge Kelly's Order is well-reasoned and supported by the law.   Whether the incident described in Plaintiff's Motion for Clarification occurred at his present facility or at his former facility, Judge Kelly correctly advised Plaintiff that the Court does not provide legal advice to litigants, and that the Court:

> . . . thus cannot provide guidance as to whether or how the Complaint may be amended to add a new claim under Rule 15 of the Federal Rules of Civil Procedure, whether a claim not set forth in the original Complaint may be added to a pending Motion for Preliminary Injunction under Rule 65 of the Federal Rules of Civil Procedure, or whether Plaintiff's conceded failure to appeal a misconduct or submit a grievance may otherwise bar his claim pursuant to the Prison[] Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a). *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, [243-44] (3d Cir. 2013) (*pro se* litigants "do not have a right to general legal advice from judges," and "courts need not provide substantive legal advice to *pro se* litigants" because *pro se* litigants must be treated "the same as any other litigant.").

(Docket No. 64 at 1-2).  Additionally, the Court notes that its Memorandum Order of January 4, 2023, has already provided Plaintiff with an opportunity to file an Amended Complaint in this matter.  (Docket No. 66 at 6-7).

Therefore, upon consideration of Plaintiff's appeal of Judge Kelly's Order (Docket No. 64), and having reviewed that Order in accordance with 28 U.S.C. § 636(b)(1) and Rule 72.C.2 of the Local Rules of Court, the Court finds that the Order is neither clearly erroneous nor contrary to law, and thus the Court declines to reconsider Plaintiff's Motion for Clarification.  Accordingly, the Court enters the following Order:

AND NOW, this 23rd day of January, 2023,

IT IS HEREBY ORDERED that Magistrate Judge Kelly's ruling in her Order entered in the above-captioned matter on January 3, 2023 (Docket No. 64), denying Plaintiff's Motion for Clarification, is AFFIRMED.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record
Sheldon Lee Morris (via U.S. Mail)

4